# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2021

Lyle W. Cayce
Clerk

No. 20-10862
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN RODRIGUEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-362-1

Before OWEN, *Chief Judge*, and HAYNES and COSTA, *Circuit Judges*.

PER CURIAM:*

Juan Rodriguez pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance. Rodriguez sold methamphetamine to a confidential informant on several occasions at his parents' house and his auto body shop. The district court varied downwardly

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

from the U.S. Sentencing Guidelines range of imprisonment in sentencing him to 324 months' imprisonment. It also imposed a three-year term of supervised release. Rodriguez challenges both the procedural and substantive reasonableness of his sentence.

We generally review a district court's sentencing decision for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We first ensure that "the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Id.* If the sentence is procedurally sound, we then review the sentence imposed for substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.*

First, Rodriguez argues that the district court clearly erred in imposing the two-level U.S.S.G. § 2D1.1(b)(12) enhancement for "maintain[ing] a premises for the purpose of manufacturing or distributing a controlled substance" because drug-related activities were not the primary uses of his parents' home and the auto body shop. He claims there is no evidence of a significant number of drug transactions at either location.

The record supports the district court's finding that distribution of controlled substances was a primary or principal purpose of Rodriguez's auto body shop and his parents' home. As to his parents' home, the confidential informant overheard Rodriguez's father warn Rodriguez that making customers wait could result in the loss of other ones. In addition, law enforcement agents seized over $23,000 in cash concealed in a cereal box and behind a dresser drawer, along with firearms and ammunition, evidence that is highly suggestive of drug trafficking activity. As to the auto body shop, an associate of Rodriguez informed the confidential informant that Rodriguez had relocated his business to the shop because of too much "heat" from what

easily could be surmised to be law enforcement agents.  In addition, Rodriguez informed the confidential informant during one of the purchases that another customer was coming to the shop to purchase two pounds of marijuana.

These facts create a plausible inference that additional distribution of controlled substances occurred at the home and the body shop and that distribution of controlled substances was a primary use of those premises. *See* U.S. Sent'g Guidelines Manual § 2D1.1 cmt. n.17 (U.S. Sent'g Comm'n 2018); *United States v. Galicia*, 983 F.3d 842, 844 (5th Cir. 2020).  Thus, the district court did not clearly err in applying the enhancement. *See United States v. Guzman-Reyes*, 853 F.3d 260, 263 (5th Cir. 2017).

Second, Rodriguez argues that the district court imposed a substantively unreasonable sentence because it did not sufficiently consider the need to avoid unwarranted sentencing disparities between him and similarly situated defendants.  Rodriguez also argues that the district court did not adequately balance the 18 U.S.C. § 3553(a) sentencing factors, specifically the promotion of respect for the law and the need to provide just punishment.

At sentencing, the district court acknowledged that the Guidelines range of imprisonment overstated Rodriguez's criminal history but also emphasized its disdain with the impact of his criminal behavior on the community.  In addition, the court specifically acknowledged its consideration of the § 3553(a) sentencing factors.  Rodriguez's argument that the district court should have afforded more weight to possible sentencing disparities is unavailing as we have stated that when a defendant is sentenced below his applicable Guidelines range, the unwarranted sentencing disparity factor "is not afforded significant weight." *United States v. Waguespack*, 935

F.3d 322, 337 (5th Cir. 2019).  Rodriguez's claim that the district court did not adequately balance the § 3553(a) sentencing factors amounts to a disagreement with the sentence imposed by the district court and a request for this court to reweigh the sentencing factors, which we will not do.  *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017) (per curiam). Therefore, Rodriguez has not shown that the district court abused its discretion by imposing a substantively unreasonable sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

We also note that there is a clerical error in the judgment.  At sentencing, the district court imposed a three-year term of supervised release, but the written judgment stated that Rodriguez was subject to a four-year term of supervised release.  Under Federal Rule of Criminal Procedure 36, a district court may correct a clerical error in a judgment "at any time." Furthermore, we may review clerical errors in the judgment for the first time on appeal and remand a case to the district court with instructions to correct the errors in the judgment.  *See United States v. Powell*, 354 F.3d 362, 371-72 (5th Cir. 2003).

AFFIRMED;  REMANDED  TO  CORRECT  CLERICAL ERROR IN JUDGMENT.